# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| American Heritage International, Inc., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> Ali Sarabi; GOO, LLC, ) <br> ) <br> Defendants. ) <br> ) <br> _____) | Case No.: 2:15-cv-0101-GMN-CWH <br><br> **ORDER** |

Pending before the Court are the Motion for a Temporary Restraining Order, (ECF No. 2), and Motion for a Preliminary Injunction, (ECF No. 5), filed by Plaintiff American Heritage International, Inc. ("American Heritage"). For the reasons set forth below, the Court will deny these Motions without prejudice.

This case centers upon allegations that Defendants Ali Sarabi and Goo, LLC have, *inter alia*, committed cybersquatting and trademark infringement through the creation and operation of the web sites <AHECIGS.COM> and <AHCIGS.COM>. (Compl., ECF No. 1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

In the Ninth Circuit, "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) *cert. denied*, 135 S. Ct. 57

(2014).  "[T]he irreparable harm requirement for a permanent injunction in a trademark case applies with equal force in the preliminary injunction context." *Id.*; *see also Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, No. 13-16959, 2014 WL 5017851, at *1 (9th Cir. Oct. 8, 2014) ("The fact that [the plaintiff's] reputation *might* be harmed by the marketing of [the defendant's] products did not establish that irreparable harm to [the plaintiff's] reputation is *likely*.") (emphasis in original).  Accordingly, while "loss of control over business reputation and damage to goodwill could constitute irreparable harm," a court's finding of such harm cannot be "grounded in platitudes rather than evidence." *Herb Reed,* 736 F.3d at 1250.

Here, Plaintiff has failed to present any evidence demonstrating a likelihood of irreparable harm.  Instead Plaintiff merely argues that:

> Defendants are in fact using Plaintiff's Marks in order to try to wrongfully assume the business identity of Plaintiff and defraud consumers.  Defendants are using Plaintiff's Marks as the material elements of Defendants' Infringing Website to confuse and deceive those seeking the Plaintiff's goods into incorrectly believing Defendants' Infringing Website is Plaintiff's website when it is not. Defendants are defrauding customers who are seeking the electronic cigarettes made and sold by Plaintiff into thinking that they are purchasing such products from Plaintiff when in fact they are not. Defendants have wholly copied Plaintiff's Marks for the intentional and malicious purpose of stealing Plaintiff's business, including the reputation and goodwill that Plaintiff has been able to build up during its two years in business.

(Mot. for TRO 15:28-16:9, ECF No. 2).

Upon reviewing the photographs of the allegedly infringing web site, (Ex. 2 to Mot. for TRO, ECF No. 2-2), the Court agrees that there is a strong possibility that consumers could incorrectly associate the products and services of <AHECIGS.COM> with Plaintiff.  However, a showing of similarity combined with speculation regarding loss of control or damage to goodwill is insufficient to warrant a preliminary injunction under the binding authority of the Ninth Circuit. *See Herb Reed Enterprises*, 736 F.3d at 1250. ("[S]peculation on future harm . . .

does not meet the standard of showing 'likely' irreparable harm."). Plaintiff has failed to carry its burden because it has not provided evidence demonstrating that consumers will likely assume that Plaintiff is associated with Defendants' web sites and that such confusion will likely lead to reputational damage. The Court cannot grant Plaintiff's Motions without such a showing.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 2) and Motion for Preliminary Injunction (ECF No. 5) are **DENIED without prejudice**.

**DATED** this 23rd day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court