**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| AMERICAN HERITAGE INTERNATIONAL, INC., | ) ) | |
| Plaintiff, | ) ) | Case No. 2:15-cv-00101-GMN-CWH |
| vs. | ) ) | **ORDER** |
| ALI SARABI, et al., | ) ) | |
| Defendants. | ) ) ) | |

Presently before the Court is Plaintiff American Heritage International, Inc.'s ("American Heritage") Motion for Entry of Default (ECF No. 13) against Defendants Ali Sarabi and Goo, LLC, supported by the Declaration of F. Christopher Austin (ECF No. 14), filed on March 12, 2015. Also before the Court is American Heritage's Motion for Default Judgment (ECF No. 15) against Defendants Ali Sarabi and Goo, LLC, filed on April 2, 2015.

**I.      BACKGROUND**

Plaintiff's process server's affidavit of due diligence states that on January 28, 2015, she attempted to serve Defendant Goo, LLC by personally delivering process to the company's registered agent, Defendant Sarabi, at 9225 W. Charleston Blvd., Apt. 1064, Las Vegas, NV 89117, which is the address listed for the company on the Nevada Secretary of State's website.  (Aff. of Service (ECF No. 11), Ex. 4 at 2, Ex. 5.)  The process server also attempted to personally serve Defendant Sarabi in his personal capacity at the same address.  (Aff. of Service (ECF No. 12), Ex. 4 at 2.)  According to the process server, 9225 W. Charleston Blvd., Apt. 1064, Las Vegas, NV 89771 is not a current address for either of the Defendants.  (Aff. of Service (ECF No. 11), Ex. 4 at 2; Aff. of Service (ECF No. 12), Ex. 4 at 2.)

/ / /

Plaintiff's attorney's legal secretary, Brandy A. Brown, submitted affidavits stating that on January 29, 2015, Plaintiff's attorney received an email from Defendant Sarabi stating:

> I have not received any complaint or notice in regards to this. Please forward the domain in dispute to my attorney at
>
> Boris Avramski
> 602 South 10th Street, Las Vegas, NV 89101
> (702)-522-1808

(Aff. of Service on Def. Goo, LLC (ECF No. 11) at 2, Ex. 1; Aff. of Service on Def. Ali Sarabi (ECF No. 12) at 2, Ex. 1.) Ms. Brown further states on January 29, 2015, she emailed a copy of the summons and complaint to Defendant Sarabi and Boris Avramski. (Aff. of Service on Def. Goo, LLC (ECF No. 11) at 2, Ex. 2-3; Aff. of Service on Def. Ali Sarabi (ECF No. 12) at 2, Ex. 2-3.) On January 30, 2015, the process server personally served Mr. Avramski with the summons and complaint. (Aff. of Service (ECF No. 11), Ex. 4 at 2; Aff. of Service (ECF No. 12), Ex. 4 at 2.) Mr. Avramski subsequently contacted Plaintiff's attorney's office and "confirmed receipt of the Summons and Complaint, but stated that he would not be representing the Defendants in the present action and that he had not been informed by Defendants that he was to accept service." (Aff. of Service on Def. Goo, LLC (ECF No. 11) at 2-3; Aff. of Service on Def. Ali Sarabi (ECF No. 12) at 2-3.) Regardless, Ms. Brown states that Defendants received actual notice of the lawsuit on January 29, 2015, the date that the summons and complaint were emailed to Defendant Sarabi. (Aff. of Service on Def. Goo, LLC (ECF No. 11) at 2; Aff. of Service on Def. Ali Sarabi (ECF No. 12) at 2.)

## II.    ANALYSIS

Rule 4(e) of the Federal Rules of Civil Procedure provides, in relevant part, than an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to

1    receive service of process.

2    Rule 4(h) provides, in relevant part, that a business association must be served:

3        (1) in a judicial district of the United States:
         (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
4        (B) by delivering a copy of the summons and complaint to an officer, a
         managing or general agent, or any other agent authorized by appointment or
5        by law to receive service of process[.]

6    Rule 4 of the Nevada Rules of Civil Procedure governs service of process under Nevada state law,

7    and it does not provide for service of process by electronic means. *See* Nev. R. Civ. P. 4.

8        Here, Plaintiff does not present the Court with any evidence indicating that Defendant

9    Sarabi was personally served with the summons and complaint, either in his personal capacity or as

10   registered agent for Defendant Goo, LLC.  Plaintiff therefore does not establish that it properly

11   served Defendant Sarabi under Federal Rule of Civil Procedure 4(e)(2)(A) or (B) or Defendant

12   Goo, LLC under Rule 4(h)(1).  Although Ms. Brown's affidavit states that Mr. Avramski was

13   personally served on behalf of Defendants, Mr. Avramski's subsequent telephone call stating that

14   he was not Defendants' attorney in this case and that he did not have authorization to accept service

15   of process indicates that he is not an agent authorized to accept service on behalf of Defendants

16   under Federal Rule of Civil Procedure 4(e)(2)(C) or 4(h)(1)(B).

17       As for Ms. Brown's statement that she emailed the documents to Defendant Sarabi, email

18   service does not constitute proper service of process under Nevada Rule of Civil Procedure 4, and

19   therefore does not constitute proper service under Federal Rule 4(e)(1) as to Defendant Sarabi or

20   under Federal Rule 4(h)(1) as to Defendant Goo, LLC.  Although Ms. Brown states that Defendants

21   have actual knowledge of the lawsuit, Plaintiff does not provide any argument or legal authority

22   indicating that a defendant's actual knowledge of a lawsuit obviates the need to serve the defendant

23   under the Federal Rules of Civil Procedure.  Without proper service of process, the Court does not

24   have power to enter a judgment against the Defendants. *See Sec. & Exch. Comm'n v. Ross*, 504

25   F.3d 1130, 1138 (9th Cir. 2007) (stating that "service of process is the means by which a court

26   asserts jurisdiction over the person").  The Court therefore will deny Plaintiff's motion for entry of

27   default and motion for entry of default judgment.

28   */ / /*

3

III.    **CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff American Heritage International, Inc.'s

Motion for Entry of Default (ECF No. 13) is DENIED without prejudice.

IT IS FURTHER ORDERED that American Heritage's Motion for Default Judgment (ECF

No. 15) is DENIED without prejudice.


DATED: October 27, 2015


**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4